**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 3:20-CR-71 (VAB)** |
| | : | |
| **v.** | : | |
| | : | ~~PROPOSED~~ **ORDER** |
| **AHMAD KHALIL ELSHAZLY** | : | |
| | : | |
| | : | |
| | : | |

The United States of America moved *ex parte, in camera*, and under seal, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 4, and Fed. R. Crim. P. 16(d)(1), for a protective order. The government explained that the relief sought would place the defense in substantially the same position and that disclosure of certain classified information reasonably could be expected to cause serious harm to national security.

In order to be fully informed in making its decision on the government's motion, the Court allowed counsel for the defendant to submit to the Court *ex parte, in camera*, and under seal its theory of defense. The Court reviewed the government's filing and attachments *ex parte, in camera*, and under seal, and the Court reviewed the defense's filing and attachments *ex parte, in camera*, and under seal. Having done so, and for the reasons set out in this Order, the Court hereby **GRANTS** the government's motion.

In order to determine whether the government must disclose classified information, federal courts have adopted the balancing test set forth in *United States v. Roviaro*, 353 U.S. 53, 62 (1957), concerning the government's privilege to protect the identity of confidential informants. The seminal case on matters relating to CIPA Section 4 and the government's classified-information privilege is *United States v. Yunis*, 867 F.2d 671, 623 (D.C. Cir. 1989).

The Second Circuit adopted the *Yunis* and the *Roviaro* analysis in adjudicating CIPA matters, including issues relating to discovery of classified information. *United States v. Aref*, 533 F.3d 72, 79-80 (2nd Cir. 2008).

In *Yunis*, the Court found "classified information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege . . . ." *Yunis*, 867 F.2d at 621. "[T]he threshold for discovery in this context further requires that a defendant seeking classified information, like a defendant seeking the informant's identity in *Roviaro*, is entitled only to information that is at least 'helpful to the defense of [the] accused.'" *Yunis*, 867 F.2d at 623 (quoting *Roviaro*, 353 U.S. at 60-61).[1] *Yunis* also found the government had an interest in protecting not only the contents of the conversations, but also the sources and methods used to collect them. *Yunis*, 867 F.2d at 623. The Court recognized much of the government's national-security interest in the recorded conversations "lies not so much in the contents of the [Rule 16] conversations, as in the time, place, and nature of the government's ability to intercept the conversations at all." *Yunis*, 867 F.2d at 623. The Court explained:

> Things that did not make sense to the District Judge would make all too much sense to a foreign counter-intelligence specialist who could learn much about this nation's intelligence-gathering capabilities from what [the documents withheld from

---

[1] *United States v. Roviaro* concerns the confidential-informant privilege. 353 U.S. 53, 62 (1957). In *Roviaro*, the United States Supreme Court considered the application of the informant's privilege to the general discovery rules. *Roviaro*, 353 U.S. at 59-61. The Supreme Court explained the privilege implicates two fundamental competing interests: (1) the interest of the defendant in mounting a defense and (2) the public interest in enabling the government to protect its sources. *Roviaro*, 353 U.S. at 62. The Supreme Court relied on two basic principles to resolve the competing interests. First, it found the defendant's interest was triggered only when information in the government's possession was "relevant and helpful." *Roviaro*, 353 U.S. at 60. Second, when the evidence is deemed relevant and helpful, the Court explained that resolving the interests "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62.

2

discovery] revealed about sources and methods. Implicit in the whole concept of an informant-type privilege is the necessity that information-gathering agencies protect from compromise "intelligence sources and methods."

*Yunis*, 867 F.2d at 623.

The relevant-and-helpful standard established by *Yunis* and adopted by the Second Circuit involves a three-step analysis. First, the information must be relevant. Second, the court must determine whether the government asserted a colorable claim of privilege over the information. The government often satisfies its burden to assert a colorable claim of privilege through an affidavit, or declaration, as it did here. Third, the court must find the information to be *actually* relevant and helpful to the defense because "classified information is not discoverable on a mere showing of theoretical relevance." *Yunis*, 867 F.2d at 621.

In reviewing the filings, and the underlying information at issue, the Court agrees that the government will meet its discovery obligations with regard to the underlying classified information. The Court finds that the government has produced, or will produce, the relevant and helpful information from the underlying classified information and, therefore, satisfies the government's discovery obligations with regard to the underlying classified information.

The Court also finds the multi-level review process described in the government's motion was an acceptable and adequate procedure to review classified information in this case.

The Court hereby AUTHORIZES the government to produce the discovery in a manner consistent with its motion because doing so would place the defense in substantially the same position as if the defense had access to the underlying classified information at issue.

The Court ORDERS the government's submission (including the motion, all attachments, and any transcripts relating to the government's filing) to be sealed and preserved in the records of the trial court so the records can be made available to the appellate court in the event of an appeal. The government's submission will not be disclosed to the defense, and the defense's submission will not be disclosed to the government.

ORDERED this 13th day of June 2022.

**HON. VICTOR A. BOLDEN**
**UNITED STATES DISTRICT JUDGE**

4