UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

vs.                                                    CRIMINAL NO. 3:20-CR-71(VAB)

AHMAD ELSHAZLY                                         April 23, 2026

DEFENDANT'S MOTION TO HOLD IN ABEYANCE THE SENTENCING
SCHEDULE GIVEN THE RULING BY THE SECOND CIRCUIT IN *UNITED
STATES V. AKAYED ULLAH*

Ahmad Elshazly, through counsel, respectfully requests that the Court adjourn *sine die* sentencing in this matter given the Second Circuit's ruling in *United States v. Akayed Ullah*, 21-1058 (2d Cir. 2026).[1] The decision issued on April 22, 2026.  A copy of the opinion is attached for the Court's reference.

In *Ullah*, the Second Circuit reversed a material support conviction under 18 U.S.C. § 2339B where a lone-wolf attacker discharged an explosive after consuming ISIS propaganda online, adopting ISIS slogans, and telling investigators he acted "on behalf of the Islamic State" – but having no actual connection to or relationship with ISIS. On this evidence, the majority held the government failed to prove Ullah, represented by this Office, provided "material support" to ISIS. He "act[ed] entirely independently" of ISIS to advance its goals — conduct Congress expressly excluded from § 2339B's reach. His concurrent life sentences on five other terrorism counts are undisturbed.

Section 2339B criminalizes providing "material support or resources" to a designated foreign terrorist organization, including "personnel" and "services." But § 2339B(h) limits the personnel prong to individuals who "work under that terrorist organization's direction or control," and expressly excludes "[i]ndividuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives."

The question before the Second Circuit was whether a self-radicalized person who responds to broadcast propaganda — with no operational contact, coordination, or two-way communication with the organization — falls within the statute or

---

[1] https://ww3.ca2.uscourts.gov/decisions/isysquery/830031d1-24cb-455f-9126-12300b640091/3/doc/21-1058_complete_opn.pdf#xml=https://ww3.ca2.uscourts.gov/decisions/isysquery/830031d1-24cb-455f-9126-12300b640091/3/hilite/

within the exclusion. The government proceeded on both a "personnel" theory (Ullah provided himself) and a "service" theory (he "served" ISIS via the bombing itself). The Court held the evidence insufficient to sustain a material-support conviction under either theory.

On personnel, the Court found that watching publicly available videos is not acting "under" someone's "direction or control" in any ordinary sense of those words: "[A] person cannot 'work under [ISIS's] direction or control' if he is acting alone, and if ISIS does not know he exists, has no expectation he will hear ISIS's messages or act on them, and will not know, or care, or have any recourse if he ignores the message completely." Op. at 15. The independent-actor exclusion would be meaningless otherwise.

The Second Circuit leaned on the teachings of *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010)(HLP), which held that § 2339B "reaches only material support coordinated with or under the direction of a designated foreign terrorist organization," and with legislative history showing that the same 2004 legislation (IRTPA) that added the independent-actor exclusion to § 2339B *simultaneously* amended FISA to cover lone wolves acting "on inspiration rather than affiliation" — demonstrating that Congress knew how to reach actors like Ullah and chose not to in the material support context. Op. at 23-24.

On the "service" theory, *HLP* was dispositive: "service" covers only acts "performed in coordination with, or at the direction of, a foreign terrorist organization." *Id.* at 28. *HLP* also held that "the term 'service' in § 2339B cannot cover conduct that is specifically excluded by the statute's definition of 'personnel.'" *Id.*

Prior § 2339B convictions affirmed (in *Farhane* and *Pugh* from the Second Circuit and in *Alebbini* from the Sixth) are distinguishable, the Circuit noted, because those defendants attempted to join the organization or coordinate directly with its operatives. *Id.* 26-27. Finally, if any ambiguity remains in the statutory definition, "we would nonetheless be compelled by the rule of lenity to resolve that ambiguity in Defendant's favor." *Id.* at 28.

Because the ruling by the Second Circuit appears to impact the elements of the offense forming the basis of the indictment as well as the guilty plea in this case, we need time to review the ruling and determine our next steps which could include a motion to withdraw Mr. Elshazly's guilty plea.

We have notified the government of this motion. It has asked us to state its position as follows: "The Government opposes this motion and will file a written response on the docket."  The defense expects to review the *Ullah* decision as a

team, speak with appellate counsel and further update the court no later than May 7, 2026.

We thank the Court for its time and consideration on this matter.


Respectfully Submitted,


THE DEFENDANT,

AHMAD ELSHAZLY

FEDERAL DEFENDER OFFICE

/s/ Josh Ewing Josh B. Ewing, phv20199,
CT443715/phv20199
Assistant Federal Defender
10 Columbus Blvd, 6th FL Hartford, CT 06106
Phone: (860) 951-6664
Email: josh_ewing@fd.org

Sabrina P. Shroff
80 Broad Street
New York, New York 10004
Tel: 646 763 1490
Sabrinashroff@gmail.com


## CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE I HEREBY CERTIFY that on April 23, 2026, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


/s/ SPS
_____
Sabrina P. Shroff