UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA

vs.                                             CRIMINAL NO. 3:20-CR-71(VAB)

AHMAD ELSHAZLY                                  May 27, 2026


DEFENDANT'S MOTION PURSUANT TO THE SECOND CIRCUIT'S RULING IN
*UNITED STATES V. AKAYED ULLAH*

Since Mr. ElShazly entered a plea of guilty in this case, the Second Circuit issued a decision in *United States v. Akayed Ullah*, 173 F.4th 399 (2d Cir. 2026), finding that the evidence was insufficient that the defendant provided material support to a terrorism organization under either the "personnel" or "service" prong of 18 U.S.C. § 2339B because the defendant acted entirely independently of ISIS's direction or control. *Ullah* at 421. As the Circuit explained a "person cannot 'work under [ISIS's] direction or control' if he is acting alone, and if ISIS does not know he exists has no expectation he will hear ISISs message or act on them, and will not know or care or have any recourse if he ignores the message completely." *Id.* at 415. Such is the case here. Mr. ElShazly knew no member of the Islamic State and certainly did not have any connection with anyone in ISIS. A detailed review of the Circuit's opinion is provided below for the Court's perusal, but given the teachings of *Ullah* and the guilty plea based on the narrow facts in this case and to charge of an attempt to provide material support to a Foreign Terrorist Organization ("FTO"), counsel for Mr. Elshazly does not anticipate any further motion practice on the issue.

A Detailed Analysis of Ullah:

The Second Circuit reversed a material support conviction under 18 U.S.C. § 2339B where a lone-wolf attacker discharged an explosive after consuming ISIS propaganda online, adopting ISIS slogans, and telling investigators he acted "on behalf of the Islamic State" – but having no actual connection to or relationship with ISIS. On this evidence, the majority held the government failed to prove Ullah, represented by this Office, provided "material support" to ISIS. He "act[ed] entirely independently" of ISIS to advance its goals — conduct Congress expressly excluded from § 2339B's reach. His concurrent life sentences on five other terrorism counts are undisturbed.

The Second Circuit held that 2339B criminalizes providing "material support or resources" to a designated foreign terrorist organization, including "personnel"

and "services" only when done with some connection to the Foreign Terrorist Organization (FTO). But § 2339B(h) limits the personnel prong to individuals who "work under that terrorist organization's direction or control," and expressly excludes "[i]ndividuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives."

The question in *Ullah* was whether a self-radicalized person who responds to broadcast propaganda — with no operational contact, coordination, or two-way communication with the organization — falls within the statute or within the exclusion. The government proceeded on both a "personnel" theory (Ullah provided himself) and a "service" theory (he "served" ISIS via the bombing itself).

The Court held the evidence insufficient to sustain a material-support conviction under either theory.

On personnel, the Court found that watching publicly available videos is not acting "under" someone's "direction or control" in any ordinary sense of those words: "[A] person cannot 'work under [ISIS's] direction or control' if he is acting alone, and if ISIS does not know he exists, has no expectation he will hear ISIS's messages or act on them, and will not know, or care, or have any recourse if he ignores the message completely." Op. at 15. The independent-actor exclusion would be meaningless otherwise.

The Court leaned on *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010), which held that § 2339B "reaches only material support coordinated with or under the direction of a designated foreign terrorist organization," and with legislative history showing that the same 2004 legislation (IRTPA) that added the independent-actor exclusion to § 2339B *simultaneously* amended FISA to cover lone wolves acting "on inspiration rather than affiliation" — demonstrating that Congress knew how to reach actors like Ullah and chose not to in the material support context. Op. at 23-24.

On the "service" theory, *HLP* was dispositive: "service" covers only acts "performed in coordination with, or at the direction of, a foreign terrorist organization." *Id.* at 28. *HLP* also held that "the term 'service' in § 2339B cannot cover conduct that is specifically excluded by the statute's definition of 'personnel.'" *Id.*

Prior § 2339B convictions affirmed (in *Farhane* and *Pugh* from the Second Circuit and in *Alebbini* from the Sixth) are distinguishable because those defendants attempted to join the organization or coordinate directly with its operatives. *Id.* 26-27. Finally, if any ambiguity remains in the statutory definition, "we would nonetheless be compelled by the rule of lenity to resolve that ambiguity in Defendant's favor." *Id.* at 28. Because the conduct at issue in this case could

arguably fall within the ambit of *Farhane* and *Pugh*, Mr. El Shazly, who wishes to proceed to sentencing, does not seek to withdraw his guilty plea.

Respectfully Submitted,

THE DEFENDANT,

AHMAD ELSHAZLY

FEDERAL DEFENDER OFFICE

/s/ Josh Ewing Josh B. Ewing, phv20199,
CT443715/phv20199
Assistant Federal Defender
10 Columbus Blvd, 6th FL Hartford, CT 06106
Phone: (860) 951-6664
Email: josh_ewing@fd.org

Sabrina P. Shroff
730 Third Avenue, 16th Floor
New York, New York 10017
Tel: 646 763 1490
Sabrinashroff@gmail.com

CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE I HEREBY CERTIFY that on May 27, 2026, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ SPS
_____

Sabrina P. Shroff